|||IIII||||||||||||||||||||||||||||
*1022970436*

DISTRICT COURT
# F I L E D

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

SEP 2 6 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MICHELLE MYERS, an
individual

        Plaintiff,

vs.

CASE & ASSOCIATES PROPERTIES,
INC., A Domestic For Profit Business
Corporation,
        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

# CJ-2013-04539

Case No.

Judge: MARY F. FITZGERALD

Attorney Lien Claimed

## PETITION

COMES NOW the Plaintiff, Michelle Myers, through her attorneys of record,

Daniel E. Smolen and Lauren G. Lambright of Smolen, Smolen & Roytman, PLLC and

brings this action against the Defendant, Case & Associates Properties, Inc., hereinafter

"Defendant" for violations of her federally protected rights arising out of her employment

and termination by said Defendants.

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a resident of Tulsa County, Oklahoma.

2.    Defendant, Case & Associates is a corporation conducting regular activity in the

State of Oklahoma. Defendant regularly employs more than fifteen (15) people.

3.    The incidents and occurrences which form the basis of Plaintiff's action occurred

in Tulsa County.

4.    This Court has jurisdiction and venue is proper in Tulsa County. The Plaintiff

brings this action under the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, et

seq.) (hereinafter "FMLA").

5.    Liquidated damages are sought pursuant to 29 U.S.C. § 2601, et seq.

2013 SEP 26 PM 4:04
SALLY HOWE SMITH
COURT CLERK

6.      Punitive damages are sought pursuant to the ADA, 42 U.S.C. §12101 et seq.

7.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g) and 29 U.S.C. § 2617(a)(3).

## FACTS COMMON TO ALL CLAIMS

8.      Plaintiff, Michelle Myers, incorporates as if realleged Paragraphs 1-7.

9.      During her employment with the Defendant, Ms. Myers was "an eligible employee" as described by 29 U.S.C. § 2611(2) of the FMLA. Ms. Myers worked more than 1,250 hours during the 12 months prior to her leave at issue in this case.

10.     Defendant is considered a "private employer" within the meaning of the FMLA.

11.     Through its agents and officers, the Defendant directly and indirectly controlled Ms. Myer's ability to take leaves of absence and to return to her employment position with the Defendant.

12.     Ms. Myer's medical condition is considered a serious health condition as described by 29 U.S.C. § 2611 of the FMLA. She applied for, and was granted, FMLA leave from the Defendant.

13.     Ms. Myers was employed with the Defendant as a leasing/assistant manager.

14.     Ms. Myers began her employment with the Defendant in August 2007.

15.     The Plaintiff always had an excellent performance history with regard to her position. She received positive performance evaluations and had received no discipline prior to her termination.

16.     On October 15, 2012, the Plaintiff requested and was authorized by the Defendant to take FMLA leave for surgery for a serious heart condition. Ms. Myers was off of work until her scheduled return on January 7, 2013.

2

17.     While the Plaintiff was out on FMLA leave, the Plaintiff's supervisor, Jennifer Capron, was requiring her to call in daily initially to update her on your physical health, despite being approved to be on leave for the full twelve weeks. Ms. Myer's obliged and contacted her supervisor as well as an HR representative, Dori Lihou. Ms. Myer's was in regular contact with Defendant regarding her health status.

18.     On the very same day of her scheduled return to work, Ms. Myers was terminated from her employment by her supervisor, Jennifer Capron, Ms. Myers had no prior warning, notice or disciplinary action to indicate she was in danger of being terminated.

19.     The constant harassment while the Plaintiff was taking leave and the termination on the day of her return demonstrate that Defendant retaliated against her for taking FMLA leave. Additionally, the Plaintiff did not follow its policy with respect to terminating the Plaintiff, also demonstrating retaliation and discrimination in violation of the FMLA.

### FIRST CLAIM FOR RELIEF:
### RETALIATION/DISCRIMINATION IN VIOLATION OF FMLA (29 U.S.C. § 2615(a)(2))

20. Plaintiff, Michelle Myers, incorporates as if realleged Paragraphs 1-19.

21. By terminating the Plaintiff and requiring her to contact the Defendant in excess of Defendant's requirements under its policy in retaliation for her exercising her rights under the FMLA, the Defendant has violated 29 U.S.C. § 2615(a)(2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a.   Back pay and lost benefits; front pay until normal retirement
b.   Liquidated damages;
c.   Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d.   Her attorney fees and the costs and expenses of this action;
e.   Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff, Michelle Myers, incorporates as if realleged Paragraphs 1-21.

23. The Defendant's actions of intentional and malicious discrimination are extreme
and outrageous and have caused severe emotional and psychological damage to
the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other
   non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination
   committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.


WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her
the relief sought including, but not limited to, actual damages in excess of Seventy-Five
Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive
damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost
benefits, compensatory damages for mental anguish, pain and suffering and other non-
pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed
appropriate by this Court.




                                    Respectfully submitted,
                                    SMOLEN, SMOLEN & ROYTMAN
                                    P.L.L.C.

Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
Lauren G. Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*